1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Thaae Resources Company Limited,          No. CV-19-04654-PHX-DWL

10                Plaintiff,                    **ORDER**

11   v.

12   A.G. Cooper LLC, et al.,

13                Defendants.

14

15          The Court has an independent obligation to determine whether it has subject-matter

16   jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  Pursuant to

17   Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any

18   time that it lacks subject-matter jurisdiction, the court must dismiss the action."

19          Diversity jurisdiction exists when there is complete diversity of citizenship between

20   the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive

21   of interests and costs.  28 U.S.C. § 1332.  A controversy meets this requirement when "all

22   the persons on one side of it are citizens of different states from all the persons on the other

23   side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

24          The party seeking to invoke diversity jurisdiction has the burden of

25   proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the

26   evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal

27   Practice § 3611 at 521 & n. 34.  "Absent unusual circumstances, a party seeking to invoke

28   diversity jurisdiction should be able to allege affirmatively the actual citizenship of the

relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

"[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).

A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). "[D]iversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants." *Id.* at 991. "Where an alien is made co-defendant with a citizen-defendant by an alien plaintiff, . . . there is no jurisdiction over the alien," and "[i]f the alien defendant is indispensable, . . . there is no jurisdiction at all." *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 294 (9th Cir. 1989).

As to individual natural persons, an allegation about an individual's residence does not establish his or her citizenship for purposes of establishing diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59 (emphasis added) (citations omitted). *See also id.* ("In this case, neither Plaintiffs' complaint nor [Defendants'] notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, [Defendants'] failure to specify Plaintiffs' state

1  citizenship was fatal to Defendants' assertion of diversity jurisdiction.").

2  Plaintiff Thaae Resources Company Limited brings this action asserting diversity
3  as the sole basis of the Court's subject matter jurisdiction.  (Doc. 1 ¶ 10.)  Plaintiff failed
4  to allege sufficient facts for the Court to determine the citizenship of each party.  The
5  deficient allegations are as follows:

6  (1) Plaintiff alleges that it is incorporated in Bangkok, Thailand (*id.* ¶ 1), but there
7       is no allegation regarding its principal place of business, which must be alleged.
8       *Cf. Nike*, 20 F.3d at 990 ("NIL, however, is a corporation and we cannot
9       disregard either its site of incorporation, Bermuda, or its principal place of
10      business, which Nike alleges is Oregon, when testing for complete diversity.").
11  (2) The citizenship of each member of Defendant A.G. Cooper, LLC must be pled
12      and has not been pled.  NewGen, 840 F.3d at 611.
13  (3) Defendant A.G. Cooper & Associates is alleged to be "a Texas entity" (Doc. 1
14      ¶ 3), but there is no allegation as to the type of entity it is and no facts from
15      which the Court can draw legal conclusions regarding this entity's citizenship.
16  (4) The principal places of business for Defendants Mesa Capital, Inc. and Sphinx
17      Construction, LTD ("Sphinx") must be pled and have not been pled. *Nike*, 20
18      F.3d at 990.

19  Moreover, Plaintiff's place of incorporation (Thailand) establishes that Plaintiff is
20  an alien. *Id.* at 990-91.  Defendant Sphinx is alleged to be a Canadian corporation (Doc. 1
21  ¶ 8), which means it is also an alien.  Diversity jurisdiction does not extend to an alien
22  suing an alien, and the presence of non-alien Defendants would not "salvage jurisdiction
23  because diversity must be complete." *Nike*, 20 F.3d at 991; *cf. Transure, Inc. v. Marsh &*
24  *McLennan, Inc.,* 766 F.2d 1297, 1298–99 (9th Cir. 1985) (pursuant to 28 U.S.C. §
25  1332(a)(3), the presence of aliens on both sides does not defeat diversity when there are
26  citizens of the United States on both sides who satisfy diversity requirements).  Thus, the
27  Court lacks subject matter jurisdiction over Sphinx, and if Sphinx is an indispensable party,
28  the Court lacks subject matter over this action in its entirety. *Faysound*, 878 F.2d at 294.

1  Therefore, the Court will dismiss the complaint for lack of subject matter
2  jurisdiction with leave to file—by July 23, 2019—an amended complaint that (1) properly
3  alleges facts from which the Court can determine the citizenship of each party and (2)
4  establishes complete diversity.
5      Accordingly,
6      **IT IS ORDERED** that the complaint is dismissed with leave to amend for lack of
7  subject matter jurisdiction.  By **July 23, 2019**, Plaintiff may file an amended complaint that
8  (1) properly alleges facts from which the Court can determine the citizenship of each party
9  and (2) establishes complete diversity.
10      **IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint
11  by **July 23, 2019**, the Clerk of Court shall terminate the action on **July 24, 2019**.
12      Dated this 9th day of July, 2019.

_____
Dominic W. Lanza
United States District Judge